THE STATE OF OHIO, APPELLEE, *v.* DUGGER, APPELLANT.

(No. 7556—Decided March 5, 1975.)

*Mr. Stephan Gabalac,* prosecuting attorney, and *Mr. Frederic L. Zuch,* for appellee

*Messrs. Hershey, Browne, Wilson, Steel, Cook & Wolfe,* for appellant.

MAHONEY, J. The defendant (appellant), Rosemary Dugger, was indicted on two counts of aggravated robbery under R. C. 2911.01(A), which is defined as follows:

"Aggravated robbery.

"(A) No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

"(1) Have a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control * * *."

Defendant moved for and was granted an order by the trial court for the prosecutor to make the indictment more definite and certain by setting forth in what particularity the defendant had attempted to commit a "theft offense." The prosecutor filed a bill of particulars stating that the "theft offense" intended by the indictment was R. C. 2913.02(A), as follows:

"No person, with purpose to deprive the owners of

property or services, shall knowingly obtain or exert control over either by threat.''

Defendant moved to dismiss the indictment for the reason that R. C. 2913.02(A), as adopted January 1, 1974, did not charge, set forth, or define any crime or offense, because that section did not constitute a complete sentence having both a subject and an object.

R. C. 2913.02(A) provides:

''(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

''(1) Without the consent of the owner or person authorized to give consent;

''(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

''(3) By deception;

''(4) By threat * * *.''

At the hearing on the motion, the defense offered a witness, Dr. Robert E. Thackaberry, who was a professor of English at the University of Akron.

His testimony was to the effect that the word ''either'' which follows the phrase ''exert control'' can be read as a pronoun or as a conjunction. If read as a pronoun, it refers back to the words "property or services." However, when read this way, there is nothing to indicate whether the prepositional phrases (1), (2), (3) and (4) which follow should be read in the conjunctive or the disjunctive. While it is a complete sentence when you read ''either'' as a pronoun, it is an ambiguous sentence.

The defense contends that when you read "either" as a conjunction, it does not make a sentence because it does not have an object. "Either," when used as a conjunction in this sentence would not make sense because the phrases would be meaningless, reading ''without either and beyond either.''

Therefore, Dr. Thackaberry concludes, to make a rational sentence, ''either'' must be interpreted as a pronoun and an ''and'' or an ''or'' must be interpolated to make the sentence read with complete and proper sense. In

the expert's opinion, the prepositional phrases were not mutually exclusive.

The defense argued that such an interpolation is improper under the rules of strict statutory construction. Since the statute is ambiguous, counsel argues, the court cannot supply the interpolation, therefore, the statute must fall because of its ambiguity.

The trial court held that the legislature intended a disjunctive reading of the statute's four prepositional phrases and overruled the motion to dismiss the indictment; whereupon, the defendant entered a plea of no contest to each of the charges, was found guilty and was sentenced. Defendant has appealed asserting the following error:

"The court erred in failing to sustain the defendant's motion to dismiss the indictment on the grounds that the indictment does not set forth or define any crime or offense, for the reason that 2913.02(A), Ohio Revised Code, as enacted, effective January 1, 1974, does not contain a complete sentence having both a subject and an object and is impossible of interpretation or construction and is accordingly unconstitutional."

We concur with the trial court. We feel it was the obvious purpose and intent of the legislature that the word "either" be used as a pronoun, and that the four prepositional phrases are mutually exclusive and are to be read in the disjunctive. We further find that this was their intent in the use of the language which the legislature employed. Rules of strict construction are always subordinate to the rule of reasonable, sensible, and fair construction according to the expressed legislative intent, having due regard to the plain, ordinary and natural meaning and scope of the language employed. 50 Ohio Jurisprudence 2d 142 FF., 266 FF., Statutes, Section 171, 281; *Richards* v. *State* (1924), 110 Ohio St. 311, 314; *State* v. *Vause* (1911), 84 Ohio St. 207, 216; *In Re Clemons* (1958), 168 Ohio St. 83, 87; and 15 Ohio Jurisprudence 2d 275 FF., Criminal Law, Section 17.

Accordingly, the judgment of conviction is affirmed.

*Judgment affirmed.*

BRENNEMAN, P. J., and VICTOR, J., concur.